REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

James M. Dowd (SBN 211280)
james.dowd@wilmerhale.com
Derek A. Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel: +1 213 443 5300

Joseph F. Haag (SBN 248749)
joseph.haag@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: +1 650 858 6000

Kate Saxton (*Admitted Pro Hac Vice*)
Kate.Saxton@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Tel: +1 617 526 6000

*Attorneys for Plaintiff Skyworks Solutions, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SKYWORKS SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KANGXI COMMUNICATION TECHNOLOGIES (SHANGHAI) CO., LTD., GRAND CHIP LABS, INC., D-LINK CORPORATION, D-LINK SYSTEMS, INC., AND RUIJIE NETWORKS CO., LTD., <br><br> Defendants. | Case No.: 8:24-cv-00974-FWS-ADS <br><br> **SKYWORKS' *EX PARTE* APPLICATION FOR LEAVE TO SERVE ITS FIRST AMENDED COMPLAINT ON FOREIGN DEFENDANT RUIJIE VIA E-MAIL PURSUANT TO FED. R. CIV. P. 4(F)(3)** <br><br> No Hearing Noticed |

## NOTICE OF *EX PARTE* APPLICATION

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Plaintiff Skyworks Solutions, Inc. ("Skyworks") hereby submits this *Ex Parte* Application For Leave To Serve Its First Amended Complaint On Foreign Defendant Ruijie Via E-Mail Pursuant to Fed. R. Civ. P. 4(f)(3) ("Application"). Skyworks' Application is based on this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Derek A. Gosma and Exhibits appended thereto, all matters of which judicial notice may be taken, and such argument and evidence as may be presented at a hearing on this Application, if any.

Skyworks makes this Application *ex parte* because it concerns foreign defendant Ruijie Networks Co., Ltd. ("Ruijie"), whose counsel has yet to appear in this case. Pursuant to Local Rule 7-19, Skyworks sought to resolve this issue without the need for judicial intervention. For example, in addition to being a defendant in this action, Ruijie is a named respondent in a co-pending investigation before the U.S. International Trade Commission ("ITC") asserting the same Skyworks patents. On August 23, 2024, the Quinn Emmanual firm filed an appearance for Ruijie in the ITC investigation *See* Ex. 1 [Ruijie Counsel's Notice of Appearance]. Shortly thereafter, Skyworks asked Ruijie's counsel "[w]ith respect to the C.D.Cal. cases … whether you are authorized to accept service on behalf of Ruijie and, if so, whether Ruijie agrees to waive service under F.R.C.P. 4(d)." Ex. 2 [9/4/24 Email from Skyworks to Ruijie's ITC Counsel]. To date, Ruijie's counsel has yet to respond substantively to this email. Declaration of Derek A. Gosma ("Gosma Decl.") ¶ 8.

Because Skyworks' efforts to serve Ruijie amicably and without the need for either judicial intervention or resort to the burdensome and time consuming Hague Convention process have been thwarted, and for the reasons stated in Skyworks' accompanying Memorandum of Points and Authorities, Skyworks respectfully requests leave to serve its First Amended Complaint on Ruijie by email pursuant to Fed. R. Civ. P. 4(f)(3).

-i-

SKYWORKS' *EX PARTE* APPLICATION REQUESTING AUTHORIZATION OF
FOREIGN SERVICE VIA E-MAIL PURSUANT TO FED. R. CIV. P. 4(F)(3)
CASE NO.: 8:24-cv-00974-FWS-ADS

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Skyworks Solutions, Inc.'s ("Skyworks") First Amended Complaint ("Complaint") alleges patent infringement by Ruijie Networks Co., Ltd. ("Ruijie"), which is incorporated and domiciled in China. Because China is a signatory to the Hague Service Convention, Skyworks is currently in the process of effectuating service under Federal Rule of Civil Procedure 4(f)(1). However, service via the Hague Convention is notoriously time consuming and, in a case like this one—where Ruijie has actual notice of the Complaint as demonstrated by email correspondence discussed further below—service via the Hague needlessly taxes both judicial and private party resources.

Before filing this motion, Skyworks repeatedly asked Ruijie to accept service under Federal Rule 4(d)—as the two other foreign defendants in this case, D-Link Corporation of Taiwan and Kangxi Communication Technologies (Shanghai) Co., Ltd. of China, have agreed to do. Accepting service under Rule 4(d) would not have prejudiced Ruijie—including because this case is subject to the statutory stay provision of 28 U.S.C. § 1659, during which time Hague service under Rule 4(f)(1) can be completed. Unfortunately, although it has engaged with Skyworks on other issues, Ruijie has so far refused to agree to Rule 4(d) service.

## I. BACKGROUND

Skyworks' Complaint alleges that Ruijie and others infringe U.S. Patent Nos. 8,717,101 (the "'101 patent"), 9,917,563 (the "'563 patent"), 9,450,579 (the "'579 patent"), and 9,148,194 (the "'194 patent") (collectively, the "Asserted Patents"). Dkt. 25 [First Amended Complaint] at ¶ 1. Ruijie is a Chinese corporation headquartered in China. Dkt. 25 at ¶ 17.

Before filing this lawsuit, Skyworks successfully corresponded with Ruijie by email. For example, Skyworks emailed Ruijie informing it of its patent infringement and attempting to seek an amicable resolution. *See* Dkt. 25-9 [Notice Letter to Ruijie]. Ruijie received Skyworks' Notice Letter and a member of Ruijie's in-house

-1-

Skyworks' *Ex Parte* Application Requesting Authorization of Foreign Service Via E-Mail Pursuant to Fed. R. Civ. P. 4(f)(3)
Case No.: 8:24-cv-00974-FWS-ADS

1  legal department, ███████, responded on Ruijie's behalf via email.  *See, e.g.*, Ex.
2  3 [5/31/24 Email from Ruijie] (email from ███████ ███████
3  ███████████████████ ██ █████████████).[1]

4       On August 16, 2024, the U.S. International Trade Commission ("ITC")
5  instituted an investigation titled *Certain Wireless Front-End Modules and Devices*
6  *Containing the Same*, Inv. No. 337-TA-1413 ("Investigation") to determine whether
7  Ruijie and others infringe Skyworks' patents.  ITC Investigation, EDIS Doc ID No.
8  829809 [Notice of Institution].  The patents asserted in this action are also at issue
9  in the ITC.  *See* ITC Investigation, EDIS Doc ID No. 826172 [Public Complaint].
10 Quinn Emmanual appeared for Ruijie on August 23, 2024.  *See* Ex. 1 [Ruijie
11 Counsel's Notice of Appearance].  Skyworks' counsel has regularly communicated
12 about the ITC Investigation with Ruijie's counsel via email.  Ex. 4 [8/23-9/3/2024
13 email thread between counsel]; *see also id.* at 1 (negotiating response extension).  In
14 addition, Skyworks emailed Ruijie's counsel asking whether Ruijie would accept
15 service under Federal Rule 4(d).  Ex. 2 [9/4/24 Email from Skyworks to Ruijie's ITC
16 Counsel].  Although responding by email on other issues, Ruijie's counsel has (so
17 far) not engaged on the substance of Skyworks' request regarding service in this case.
18 Gosma Decl. ¶ 8.

19      As these facts demonstrate, Ruijie has actual knowledge of Skyworks'
20 Complaint and the patent infringement allegations it contains, and Skyworks
21 possesses known-good email addresses for Ruijie and its United States counsel.

22 **II.  ARGUMENT**

23      Federal Rule of Civil Procedure 4(f) provides three methods for serving a
24 foreign defendant: (1) "by any internationally agreed means of service that is

---

[1] Ex. 3 is the first of several communications between Skyworks and Ruijie. Skyworks has not attached the remainder of the parties' communications because they are confidential.  Should the Court require additional evidence of Skyworks' successful communication with Ruijie over email, Skyworks is prepared to provide the Court with those communications.

-2-

SKYWORKS' *EX PARTE* APPLICATION REQUESTING AUTHORIZATION OF
FOREIGN SERVICE VIA E-MAIL PURSUANT TO FED. R. CIV. P. 4(F)(3)
CASE NO.: 8:24-cv-00974-FWS-ADS

reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;" (2) "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method reasonably calculated to give notice;" or (3) "by other means not prohibited by international agreement, as the court orders." As discussed above, China is a party to the Hague Service Convention. *See, e.g.*, U.S. Dept. of State, Bureau of Consular Affairs, China Judicial Assistance Information;[2] *Hubei Gezhouba Sanlian Indus. Co., Ltd. v. Robinson Helicopter Co., Inc.*, 2009 WL 2190187, at *2 (C.D. Cal. July 22, 2009), *aff'd*, 425 Fed. App'x 580 (9th Cir. 2011) ("Both the United States and China are signatories to the Hague Convention."); *Dolls Kill, Inc. v. Yunye Apparel Retail Ltd.*, 2023 WL 6192699, at *1 (C.D. Cal. Aug. 16, 2023) ("China is a signatory to the Hague Service Convention[.]"). Skyworks has, accordingly, begun the process to effectuate service on Ruijie via the Hague under Federal Rule 4(f)(1). *See* Dkt. 50 [Response to Court's Order to Show Cause] at 3, 50-1 [Gosma Decl. ISO Response to Order to Show Cause] at ¶ 11 (summarizing Skyworks' foreign service efforts).

Service via the Hauge is notoriously time consuming, however. *See, e.g.*, Hague Conference on Private International Law, China – Central Authority & Practical Information [3] ("Chinese Central Authority") (estimating "[a]round 6 months" for execution of requests); *see also* Dkt. 50-1 [Gosma Decl. ISO Response to Order to Show Cause] at ¶ 11 (explaining that Skyworks' agent for foreign service has indicated service in China could take 8-12 months). And in a case like this one, where Ruijie has discussed Skyworks' patent infringement allegations via email, Hague service also needlessly taxes judicial and party resources. Service via email

---

[2] *Available at*, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last visited September 9, 2024).
[3] *Available at* https://www.hcch.net/en/states/authorities/details3/?aid=243 (last visited September 9, 2024).

-3-

SKYWORKS' *EX PARTE* APPLICATION REQUESTING AUTHORIZATION OF FOREIGN SERVICE VIA E-MAIL PURSUANT TO FED. R. CIV. P. 4(F)(3)
CASE NO.: 8:24-cv-00974-FWS-ADS

pursuant to Federal Rule 4(f)(3) is thus appropriate here.

In particular, service via Rule 4(f)(3) has three requirements. **First**, the Court must grant leave to effect service by alternative means. Fed. R. Civ. P. 4(f)(3). **Second**, the requested means of service (here, via email) must not be prohibited by any international agreement. *Id.* **Third**, the requested service must comport with due process. *Rio Props., Inc. v. Rio Int'l. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002); *Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012). Each of these requirements is met here.

### A. Good Cause Exists To Grant Service By Alternative Means

District Courts have discretion to order service by alternative means when such service is appropriate to the circumstances of a given case. *Rio Props.*, 284 F.3d at 1016. Courts have exercised this discretion to order alternative service by various methods, including email. *See, e.g., id.* at 1017 ("[W]e conclude not only that service of process by email was proper – that is, reasonably calculated to apprise RII of the pendency of the action and afford it an opportunity to response – but in this case it was the method of service most likely to reach RII."); *ThermoLife Int'l, LLC v. Werteks Closed Stock*, 2020 WL 6743586, at *3 (C.D. Cal. Apr. 14, 2020) (holding service by email to address listed on Russian defendant's business website proper under Fed. R. Civ. P. 4(f)); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (holding service by email proper where prior communication by email has been effective).

Good cause exists here for numerous reasons.

**First**, email has already proven to be an effective means of communication with Ruijie as shown above. As a result of these prior successful email exchanges, Ruijie already has actual knowledge of Skyworks' Complaint and its allegations of patent infringement. Email service is thus reasonably calculated to provide Ruijie with notice and an opportunity to defend. *See Rio Props.*, 284 F.3d at 1017.

**Second**, email service under Rule 4(f)(3) will conserve judicial and party

-4-

SKYWORKS' *EX PARTE* APPLICATION REQUESTING AUTHORIZATION OF FOREIGN SERVICE VIA E-MAIL PURSUANT TO FED. R. CIV. P. 4(F)(3)
CASE NO.: 8:24-CV-00974-FWS-ADS

resources that otherwise would have to be expended pursuing Hague Convention service to completion. Service via the Hague Convention is notoriously time consuming and costly which, on the facts of this case, would amount to a needless tax on judicial and party resources given that Ruijie already has actual knowledge of Skyworks' Complaint. *See* Chinese Central Authority (estimating "[a]round 6 months" for execution of requests) *and* Dkt. 50-1 [Gosma Decl. ISO Response to Order to Show Cause] at ¶ 11 (explaining that Skyworks' agent for foreign service has indicated service in China could take 8-12 months).

**Third**, there can be no undue prejudice to Ruijie from authorizing service via email under Rule 4(f)(3). Ruijie is entitled to a statutory stay of this action under 28 U.S.C. § 1659 in favor of the ITC Investigation. *See* ITC Investigation, EDIS Doc ID No. 826172 [Public Complaint]; *see also* Dkt. 47 [Grand Chip Labs Inc.'s Unopposed Motion For Automatic Stay Under 28 U.S.C. § 1659(a)]. Because the expected duration of a § 1659 stay would exceed the time required to complete service under the Hague, the only practical impact of authorizing service by email is avoidance of Hague-related burdens and costs. *See* ITC Investigation, EDIS Doc ID No. 830992 [Initial Determination Setting A Target Date] (setting the target date to complete the investigation as February 23, 2026). Indeed, D-Link's and KCT's agreement to waive service under Rule 4(d) confirms the absence of any prejudice.

Thus, granting leave to serve by email will conserve both judicial and party resources with no prejudice to Ruijie. *See, e.g.*, *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) ("[C]ourts have recognized that delay and expense are factors that legitimately bear on whether to issue an order for alternative service.") (collecting cases).

Moreover, as the Ninth Circuit ruled in *Rio Properties*, and this Court has confirmed, there is no hierarchy of preferred service methods, each of three methods proscribed by Rule 4(f) "stand[] independently, on equal footing," and "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" 284

-5-

Skyworks' *Ex Parte* Application Requesting Authorization of Foreign Service Via E-Mail Pursuant to Fed. R. Civ. P. 4(f)(3)
Case No.: 8:24-cv-00974-FWS-ADS

F.3d at 1015 (citation omitted); *see also Anderson v. Bitmart, LLC*, 2022 WL 19076761, at *1 (C.D. Cal. Oct. 5, 2022) (Slaughter, J.) ("'Court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2),' and there is no requirement for a plaintiff to 'attempt[ ] service by all feasible alternatives before service under Rule 4(f)(3) is allowed[.]'" (internal citation omitted and quoting *Rio Props.*)); *In re OnePlus Tech.*, 2021 WL 4130643, at *3 (citing *Rio Props.*). Thus, this Court may authorize service under Rule 4(f)(3) specifically to avoid the waste of judicial and party resources that service under the Hague would otherwise occasion under the circumstances of this case.

### B. The Hague Convention Does Not Prohibit Service By Email

As courts in this District have repeatedly found, "there is no indication that service via email is prohibited by the Hague Convention or any other international treaties." *Reflex Media, Inc. v. Luxy Ltd.*, No. 2:20-cv-00423-RGK-KS, 2020 WL 9073067, at *3 (C.D. Cal. Oct. 26, 2020); *see also Laltitude LLC v. Shenzhen Jinnuo Precision Prod. Co.*, 2022 WL 19395401, at *2-3 (C.D. Cal. Dec. 7, 2022) (finding that email service is not prohibited where plaintiffs had communicated via email with defendants); *Seiko Epson Corp. v. Dongguan Ocbestjet Digital Tech. Co.*, 2022 WL 18397388, at *2 (C.D. Cal. Nov. 3, 2022) (finding Hague Convention does not prohibit email service on defendant in China); *VPN.Com LLC v. Dikian*, 2022 WL 17371064, at *3 (C.D. Cal. Sept. 8, 2022) ("[T]he Hague Service Convention does not expressly prohibit service by email"); *Hian v. Does*, 2019 WL 12447339, at *1-2 (C.D. Cal. July 1, 2019) (allowing email service on Chinese defendant); *ThermoLife Int'l*, 2020 WL 6743586, at *3; Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15,

1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638, 1969 WL 97765, Art. 10.[4]

### C. Email Service Raises No Due Process Concerns

Due process requires alternative service methods to be "reasonably calculated … to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *Anderson*, 2022 WL 19076761, at *1 (same). This standard is clearly met here.

Skyworks has repeatedly sent and received email communications about this case to and from Ruijie via the email addresses that Skyworks seeks leave to use to effectuate service under Rule 4(f)(3). *See supra* pp. 1-2. This prior email correspondence confirms that Ruijie already has actual notice of Skyworks' patent infringement allegations. Granting Skyworks leave to serve Ruijie by email pursuant to Rule 4(f)(3) is thus reasonably calculated to apprise it of the pendency of this action and afford Ruijie the opportunity respond. *See Anderson*, 2022 WL 19076761, at *3 (finding "serving Defendant through email and publication would be reasonably calculated to provide Defendant with notice of this action" where "Plaintiff has submitted emails to the court which indicate a representative of Defendant replied to several of Plaintiff's messages"); *Paramount Pictures Corp. v. Does,* No. 2:21-CV-09317-MCS-SK, 2021 WL 6751978 at *2 (C.D. Cal. Dec. 8, 2021) (holding due process requirements met when "email addresses Plaintiffs seek to use to serve Defendants appear to have provided actual notice to Defendants"); *Facebook*, 2012 WL 1038725, at *2 (permitting service by email to foreign defendants where plaintiff had valid email addresses to each of the foreign

---

[4] China has objected to service "by postal channels" under Article 10 of the Hague Convention. *See, e.g.*, Chinese Central Authority, *supra* n. 3 (indicating China objects to Art. 10(a)-(c)). However, as Courts in this District have previously ruled, "service by e-mail does not violate the Hague Convention, even when the destination country has objected to service through postal channels under Article 10." *SEC v. China Sky One Medical, Inc.*, 2013 WL 12314508, at *2-3 (C.D. Cal. Aug. 20, 2013).

defendants); *Williams-Sonoma,* 2007 WL 1140639, at *2 (permitting service by email to foreign defendants where "the email accounts they have for defendants have been effective means of communicating with the defendants"); *ThermoLife Int'l,* 2020 WL 6743586, at *3 (holding service by email was reasonably calculated to give notice where plaintiff had already communicated with the foreign defendant via email); *Dae Sung Hi Tech Co., Ltd. v. Gthunder,* 2019 WL 12359433, at *7 (C.D. Cal. Apr. 17, 2019) (finding that service by email comports with due process where the foreign defendant has responded twice via email).

Skyworks has also discussed this lawsuit via email with Ruijie's United States counsel in the co-pending ITC Investigation. *See supra* p. 2. Thus, copying Ruijie's counsel on the emails effectuating service under Rule 4(f)(3) will further ensure that these defendants receive notice and an opportunity to respond. *See Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565 (C.D. Cal. 2012) (authorizing service on a Chinese company's U.S.-based attorney); *Columbia Pictures v. Galindo*, 2021 WL 10139466, at *3 (C.D. Cal. Oct. 13, 2021) (same); *cf. Mobility Holdings, Ltd. v. Hangzhou Lunxin Sporting Goods Co., Ltd.*, 2022 WL 18284993, at *3 (C.D. Cal. Oct. 20, 2022) (Slaughter, J.) (collecting cases holding foreign service through domestic lawyer is reasonable where "attorney and Defendant maintained an ongoing relationship" but finding plaintiff did not so show).

## III. CONCLUSION

Because each of the three requirements of Rule 4(f)(3) are satisfied, Skyworks respectfully requests the Court authorize service of the Summons and Complaint via email to the following email addresses:

Ruijie:

- [REDACTED]
- [REDACTED]
- Ruijie Counsel's Service Listserv <qeruijie@quinnemanuel.com>

-8-

Skyworks' *Ex Parte* Application Requesting Authorization of Foreign Service Via E-Mail Pursuant to Fed. R. Civ. P. 4(f)(3)
Case No.: 8:24-cv-00974-FWS-ADS

| | | |
|---|---|---|
| 1 | Dated: September 9, 2024 | Respectfully Submitted, |

By: */s/ James M. Dowd*
James M. Dowd (SBN 211280)
james.dowd@wilmerhale.com
Derek A. Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel: +1 213 443 5300

Joseph F. Haag (SBN 248749)
joseph.haag@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: +1 650 858 6000

Kate Saxton (Admitted *Pro Hac Vice*)
Kate.Saxton@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Tel: +1 617 526 6000

*Attorneys for Plaintiff Skyworks Solutions, Inc.*