_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-00974-FWS-ADS | Date: September 11, 2024 |
| Title: Skyworks Solutions, Inc. v. Kangxi Communication Technologies Shanghai Co., Ltd., *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO SERVE ITS FIRST AMENDED COMPLAINT ON FOREIGN DEFENDANT RUIJIE VIA E-MAIL PURSUANT TO FED. R. CIV. P. 4(F)(3) [55]**

Before the court is Plaintiff Skyworks Solutions, Inc.'s ("Skyworks") *Ex Parte* Application for Leave to Serve its First Amended Complaint on Foreign Defendant Ruijie via E-Mail Pursuant to Fed. R. Civ. P. 4(f)(3). (Dkt. 55 ("Application" or "App.").) Based on the state of the record, as applied to the applicable law, the Application is **DENIED**.[1]

I. **Legal Background**

*Ex parte* applications are "rarely justified." *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify *ex parte* relief, the moving party must establish: (1) that their cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are

---

[1] The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").

_____

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-00974-FWS-ADS | Date: September 11, 2024 |
| Title: Skyworks Solutions, Inc. v. Kangxi Communication Technologies Shanghai Co., Ltd., *et al.* | |

without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492-93. In *Horne v. Wells Fargo Bank, N.A.*, the district court discussed the legal standard for *ex parte* applications:

> The "opportunities for legitimate *ex parte* applications are extremely limited." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989); *see also Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995) (stating that to be proper, an *ex parte* application must demonstrate that there is good cause to allow the moving party to "go to the head of the line in front of all other litigants and receive special treatment").
>
> . . .
>
> The use of such a procedure is justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).

969 F. Supp. 2d 1203, 1205 (C.D. Cal 2013). The *Horne* court also reiterated the dangers of *ex parte* applications:

> [E]x parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court. Both contemplate that noticed motions should be the rule and not the exception. Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw the system out of whack. They impose an unnecessary

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-00974-FWS-ADS | Date: September 11, 2024 |
| Title: Skyworks Solutions, Inc. v. Kangxi Communication Technologies Shanghai Co., Ltd., *et al.* | |

> administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved. In effect, they put the applicant 'ahead of the pack,' without cause or justification.

*Id.* (citation omitted).

## II. Discussion

*Ex parte* applications "are appropriate only in a narrow set of circumstances," *United States v. Real Prop. Located at 22 Santa Barbara Drive*, 264 F.3d 860, 870 (9th Cir. 2001), and, as noted, courts require a movant to produce evidence showing (1) that its cause "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures;" and (2) that it is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power*, 883 F. Supp. at 492.

In this case, Skyworks "makes this Application *ex parte* because it concerns foreign defendant Ruijie Networks Co., Ltd. ('Ruijie'), whose counsel has yet to appear in this case." (App. at 2.) However, the court finds the Application does not adequately demonstrate that Skyworks "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power*, 883 F. Supp. at 492. Moreover, the Application fails to sufficiently establish "there is a threat of immediate or irreparable injury" or "there is danger that notice to the other party may result in the destruction of evidence or the party's flight." *Horne*, 969 F. Supp. 2d at 1205. Accordingly, the court finds the record demonstrates that the Application fails to sufficiently satisfy the standard applicable to *ex parte* relief.

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00974-FWS-ADS                                    Date: September 11, 2024
Title: Skyworks Solutions, Inc. v. Kangxi Communication Technologies Shanghai Co., Ltd., *et al.*

_____

In sum, because the court concludes the Application does not adequately meet the *ex parte* standard, the Application is **DENIED**.[2]

Initials of Deputy Clerk:  mku

---

[2] In light of the Application making an insufficient showing to justify *ex parte* relief, the court declines to consider the merits of the Rule 4(f)(3) request for email service made in the Application.

_____

**CIVIL MINUTES – GENERAL**                                                                                       4